IN THE UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: STACEY A. MARTENS     CHAPTER 13
         DEBTOR(S)

CASE NO. 1:21-bk-01910-HWV

STACEY A. MARTENS
         MOVANT(S)

VS.

PENNYMAC LOAN SERVICES, LLC, and
JACK N. ZAHAROPOULOS, STANDING CHAPTER 13 TRUSTEE
         RESPONDENT(S)

## MOTION TO SELL PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. 363(b)

**NOW COMES** the Debtor, Stacey A. Martens, by and through their attorney, Nicholas G. Platt, Esquire, and respectfully requests an Order Approving their Motion to Sell Property of the Estate Pursuant to 11 U.S.C. 363(b). Debtor herein proposes to sell certain real estate located at 132 South Landis Street, Hummelstown, PA 17036, together with all improvements located thereon. In support thereof, Debtor states the following:

1. Debtor filed for relief under Chapter 13 of Title 11 on or about August 3, 2021.

2. Debtor proposes to consummate a sale of real property to the purchaser(s), Richard B. Fink, with a temporary closing date of August 21, 2024, upon approval of this Motion by the Court.

3. The Agreement of Sale represents the whole and complete agreement between the buyer and seller. A true and correct copy of the Agreement of Sale is hereby attached as "Exhibit A".

4. Debtor has received and reviewed a Seller's Estimated Costs document as part of the

negotiation and preparation for sale. A true and correct copy of the Seller's Estimated Costs is hereby attached as "Exhibit B".

5. Debtor seeks a judicial determination that the sale was transacted in good faith, pursuant to 11 U.S.C. § 363(m) and meets the standard detailed by In re Abbotts Dairies of Pennsylvania, Inc., 61 B.R. 156 (Bankr. E.D. Pa. 1986) and has therefore has signed an affidavit under penalty of perjury attesting to the following relevant facts regarding the sale:

   a. With approval of this Court on May 22, 2204, Debtor retained Colleen Nicholson as their Real Estate Agent to market the sale of the subject property and obtain the highest purchase price agreeable to both a willing buyer and willing seller.

   b. On Colleen Nicholson's recommendation, Debtor listed the property for sale at an initial asking price of $269,000.00.

   c. Colleen Nicholson undertook substantial professional effort to market the subject property at the aforementioned asking price, which resulted in listing the property for 3 days and receiving 8 offers.

   d. Upon deliberate consideration and negotiation, Debtor accepted an offer for a purchase price of $294,000.00 from Richard B. Fink.

   e. This is a negotiated sale representing the market value of the subject property.

   f. To the best of Debtor's knowledge, none of the parties share any relation by blood or marriage.

6. A true and correct copy of the Debtor's affidavit is hereby attached as "Exhibit C".

7. The terms and conditions of the sale, as evidenced by the Agreement of Sale and the

Seller's Estimated Costs, and are summarized as follows:

    a.      The sale shall be contingent upon approval of the instant Motion by the Court.

    b.      The purchase price shall be $294,000.00.

    c.      The Debtor shall provide for payment of the following items from the proceeds of the sale:

    d.      Transfer Tax of $2,940.00.

    e.      Deed, notary fees, settlement fees, and tax certifications of $400.00.

    f.      Additional attorney's fee for preparation and filing of the Application to Employ and the instant Motion of $1,000.00; such fee to be paid directly to Mooney Law and shall be held in escrow pending approval of the fee by the Court and pursuant to a proper fee application.

    g.      Broker's commission of $14,700.00 and a transaction fee of $595.00.

    h.      PennyMac Loan Services, LLC is estimated to be paid $168,962.39 on a first-priority lien. PennyMac Loan Services, LLC shall be paid in full from the closing proceeds, pursuant to a proper payoff quote obtained prior to, and valid through, the aforementioned closing date, or the sale will not occur.

8. In the event that the sale proceeds prove to be insufficient to pay Respondent(s) in full, any short payoff shall be subject to prior approval by such Respondent.

9. Debtor shall have sixty (60) days from the entry of an Order approving the instant Motion to consummate the contemplated sale.

10. Any other outstanding liens upon the property at the time of closing shall be paid in full.

11. Debtor shares ownership of the subject real estate with her non-filing spouse.

12. Debtor and her non-filing spouse are presently engaged in a divorce proceeding whereby the proceeds of the instant sale are to be split equally.

13. Debtor estimates that after all costs, mortgage payoffs, fees, and her non-filing spouse's fifty-percent (50%) share, Debtor is entitled to approximately $52,201.31.

14. Debtor shall pay sufficient sums of any non-exempt proceeds of the sale to the Chapter 13 Trustee as are required by the Bankruptcy Code.

**WHEREFORE**, the Debtor respectfully requests the Court enter an Order granting the Motion to Sell Property of the Estate Pursuant to 11 U.S.C. 363(b).

Dated: June 17, 2024

Respectfully Submitted,

/s/ Nicholas G. Platt
Nicholas G. Platt (327239)
Counsel for Debtor
Mooney Law
230 York Street
Hanover, PA 17331
ngp@mooney4law.com
(717) 632-4656 Phone
(717) 632-3612 Fax